No. 499

First Circuit

————

TOWN OF AMITE CITY v. TANGIPAHOA PARISH SCHOOL BOARD

————

(June 28, 1929. Opinion and Decree.)

————

S. S. Reid, of Amite, attorney for plaintiff, appellee.

A. L. Ponder, Jr., of Amite, attorney for defendant, appellant.

ELLIOTT, J. The town of Amite City claims $470.95 of the Tangipahoa Parish School Board on account of water furnished by the town to the school board for use in the public school at Amite City, Louisiana.

It alleges that it furnished the school board fifty thousand gallons a month for which it makes no charge. The amount claimed is for water furnished in excess of the quantity stated.

Defendant excepted to plaintiff's demand on the ground that it did not disclose a cause or right of action. This exception was overruled. It then answered, denying that it was indebted to plaintiff as alleged.

The evidence shows that on July 10, 1922, the town by ordinance, agreed to furnish the school board fifty thousand gallons of water a month, on certain conditions.

On September 8, 1925, the town by ordinance announced to the school board that a charge would be made for all water above fifty thousand gallons per month. The amount which would be charged was not stated. This last ordinance is the one on which the suit is based, and the evidence is to the effect that the excess charged for, is on the same terms for which other parties using the water are charged.

The defendant offered evidence, the purpose and object of which was to show that the town had agreed to furnish water to the Amite City school in an unlimited quantity without charge; but the evidence shows that the town never agreed to furnish free water beyond fifty thousand gallons a month.

We are not aware of any law which takes from the town the right to charge the school board for water, just as it charges any individual consumer in the town.

The evidence establishes that the town furnished water to the extent claimed, and no objection is urged to the price charged.

There was judgment in the lower court in favor of the plaintiff as prayed for, and we think the judgment was correct.

Judgment affirmed; defendant and appellant to pay the cost in both courts.